UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY GOHN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CV854 HEA |
| | ) | |
| CORNERSTONE MORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 11]. Defendant did not file a response to the Motion.

Plaintiff filed their Petition in the Circuit Court for the County of Jefferson, Missouri on April 9, 2015. Defendant removed the matter to this Court pursuant to the Court's federal question jurisdiction. 28 U.S.C. § 1331. Subsequently, Plaintiffs filed a Motion to Dismiss the Truth in Lending Act claim. The Court granted the motion on June 5, 2015.

This claim was the only claim arising under the law of the United States; it was the only claim giving rise to the Court's federal question jurisdiction. Plaintiffs therefore move to remand this matter because their federal question claim has been dismissed.

A district court may decline to exercise supplemental jurisdiction when the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Crest Const. II, Inc. v. Doe,* 660 F.3d 346, 359 (8th Cir.2011) (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639, 129 S.Ct. 1862, 173 L.Ed.2d 843 (2009)). While the determination of whether to dismiss state-law claims pursuant to § 1367(c)(3) is a matter of discretion for a district court, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine— judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Barstad v. Murray County,* 420 F.3d 880, 888 (8th Cir.2005) (quoting *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 n. 7 (1988)). Among other things, this reflects a policy that federal courts should avoid addressing state law issues when possible. G*regoire v. Class,* 236 F.3d 413, 419–20 (8th Cir.2000).

Defendant does not object to the remand, and the Court agrees with the policy stated above.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand, [Doc. No. 11], is granted.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for Jefferson County, Missouri.

Dated this 2nd day of March, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE